, Mullen *v.* Sherman.

WILLIAM MULLEN *v.* R. R. SHERMAN, *Appellant.*

*Trover. Lottery.*

By artifice and falsehood the plaintiff got possession of a gift enterprise ticket, so called, belonging to W., a minor, which entitled the holder to certain articles, and when drawn took them into his possession. The defendant, an officer, then attached and carried away said articles upon a writ in favor of W.'s father against the plaintiff, by the father's direction, and delivered them to his possession. He, the father, then discontinued his suit, having instituted it merely to get possession of said articles. *Held,* that in the absence of proof to the contrary, the defendant is entitled to the presumption that he acted in good faith, and strictly within the limit of his official duty, in serving said writ as he did; that upon a discontinuance of said suit, it was his duty to deliver the property to the person legally entitled to it; and that the property clearly belonged to W.

TROVER for a bedstead, washstand, bureau and two chairs. Plea, not guilty. Trial by the court, September Term, 1864, ALDIS, J., presiding.

The plaintiff offered evidence tending to show that the defendant, as sheriff, attached and carried away the chamber set described in the plaintiff's declaration, upon a writ in favor of Dr. Woodward against the plaintiff; that when attached they were in the possession of the plaintiff; that the defendant attached them by the direction of Dr. Woodward, and delivered possession of the articles to him; that Dr. Woodward claimed to own them, and instituted the suit merely to get possession of them, and as soon as he got possession of them discontinued his suit, not claiming to have any real cause of action against the plaintiff for which the suit was brought; that he had demanded the property back of Sherman, the sheriff, who referred him to Dr. Woodward, who had possession of the property and claimed

to own it ; and that the sheriff on such demand did not return the property,—with proof of value he rested his case.

The court found the facts to be as the evidence offered tended to show.

The defendant then introduced evidence tending to prove, and from which the court found proved, the following facts. A showman, calling himself Prof. King, exhibited various tricks of legerdemain and performances of ventriloquism at the village of St. Albans, and had connected with this what was called a gift enterprise, which was an arrangement adopted to induce people to attend the show, and under which each one that attended would, after entering the hall, draw from a certain box an envelope containing a ticket, and if it was numbered, the holder became entitled to some gift, so called, and these gifts were distributed at the close of the exhibition.

Fred. Woodward, a son of Dr. Woodward, and about thirteen years of age, went to the show, bought a ticket of admission, went in, drew his envelope, and found himself the holder of ticket No. 64. He took a front seat near the stage, the plaintiff sat directly behind him. The plaintiff looked over the boy's shoulder and saw his ticket with a number on it, and asked the boy to let him look at it. The boy hesitated but finally let the plaintiff take the ticket. The plaintiff then asked him if he would sell it. The boy said "No, he did not want to sell it, he wanted to keep it and see what it would draw." The plaintiff said he would give him a quarter of a dollar for the ticket ; the boy said he did not want to sell it. The plaintiff then put a quarter of a dollar into the boy's lap, and told him he would give him whatever the ticket drew. The boy several times asked for the ticket, and the plaintiff would reply, "you are all right,—you have the quarter and I have the ticket,—I will give you whatever the ticket draws." This he continued to say to the boy to quiet him till the show was over and the drawing of the gifts was about to begin. This was said after the drawing began. Soon No. 64 was drawn, and Prof. King announced that the fortunate holder of it had drawn a set of chamber furniture. The plaintiff having the ticket in his possession, claimed the furniture and got possession of it, and carried it to his rooms. The court finds that the plaintiff obtained the ticket from the boy by artifice, and kept it

Mullen *v.* Sherman.

by falsely pretending to the boy he should have what it would draw; that the boy did not consent that he should keep the ticket, or what it would draw, and that the plaintiff wrongfully got and kept the ticket, and thereby wrongfully and without right got and kept the furniture which the ticket drew.

The court rendered judgment for the defendant for his costs,—to which the plaintiff excepted.

*M. Buck,* for the plaintiff, maintained that Woodward has no title or right to the chamber set in question. 1st. Because he never acquired it by gift, purchase, or other legal transaction. 2d. The proceedings by which Dr. Woodward claims to have acquired title to the furniture are in contravention of the statutes of this state, and therefore illegal. See G. S., p. 692, §§ 5 and 6; *Dixon* v. *Olmstead,* 9 Vt. 310. 3d. All contracts made in connection with and based upon such illegal transactions, are void and cannot be enforced at law. The maxim, *"ex terpe causa,"* &c., applies.

Upon the discontinuance of the suit the officer should have returned the property to the plaintiff. *Baker* v. *Fuller,* 21 Pick, 318; *Briggs* v. *Gleason,* 29 Vt. 78.

*Edson & Rand,* for the defendant, maintained that this enterprise was not in violation of the statute. G. S., p. 692, §§ 5 and 6. The title to the furniture and the right to its possession was in Dr. Woodward or his son, and in getting possession they merely exercised the right of recaption in a peaceable manner. *Mussey* v. *Scott,* 32 Vt. 82; *Wilson* v. *Hooper et al.,* 12 Vt. 655. The defendant not liable in trover. *Knapp* v. *Winchester,* 11 Vt. 351; *Yale* v. *Saunders,* 16 Vt. 243; *Nutt* v. *Wheeler,* 30 Vt. 436; *Abbott* v. *Kimball,* 19 Vt. 558; *Stoughton* v. *Mott,* 25 Vt. 672; is not liable at all, as the case finds that the plaintiff was not the owner of the articles attached. *Soper* v. *Sumner,* 5 Vt. 274; *Paul* v. *Slason,* 22 Vt. 231.

It does not appear but that the defendant, in making the attachment, acted in good faith, and this court will not presume to the contrary.

KELLOGG, J. This case presents three questions, upon the decision of which the judgment depends.

I. It does not appear that the defendant was privy to the purpose of Dr. Woodward in commencing the suit against the plaintiff merely

to get possession of the property in controversy. We are to assume, therefore, that the defendant acted in good faith in making the attachment on that writ; and he is not to be affected or prejudiced by the fact that Doctor Woodward adopted means to obtain possession of the property which, under ordinary circumstances could not be looked upon with any degree of favor. The defendant is consequently entitled to the presumption that he acted in good faith, and strictly within the line of his official duty, in making service of the writ in favor of Doctor Woodward against the plaintiff.

II. When that suit was discontinued, it was the duty of the sheriff to deliver the property to the person who was legally entitled to it. If the property was then in the possession of the party to whom it rightfully belonged, and the plaintiff had no legal title or right to it, there was no conversion of it by the defendant in refusing to deliver it back to the plaintiff on his demand.

III. On the facts found by the county court, the property clearly belonged to Doctor Woodward's son, and the plaintiff stood as a self-constituted agent of the son in receiving the property on the ticket. In law, his possession of the property should be regarded as a possession in the right and for the use of the son. The plaintiff obtained the possession of the ticket by a false pretense, and kept that possession against the will of the person who was legally entitled to it. If the gift distribution was illegal, it was no concern of his except in respect to his own ticket. He was not only a *particeps* in the guilt of the enterprise, but he also undertook to acquire by deception and falsehood a right which belonged to the boy alone. He has no right to appeal to a court of justice to aid him in his attempt to take advantage of his own wrong.

Judgment of the county court for the defendant affirmed.